IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

TANYA ROLLINS          PLAINTIFF

VS.        CASE NO. 4:16cv75-JLH

VERIZON COMMUNICATIONS, INC.;
EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES, LLC;
and TRANSUNION, LLC          DEFENDANTS

## COMPLAINT

Comes now the Plaintiff Tanya Rollins (hereafter, "Rollins" or the "Plaintiff"), by and through counsel, and for her Complaint states as follows:

1. This is a Complaint for compensatory and punitive damages based on the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PARTIES

2. The Plaintiff is a resident and citizen of Pulaski County, Arkansas.

3. Defendant Verizon Communications, Inc. ("Verizon") is a Missouri corporation doing business in the Eastern District of Arkansas.

4. Defendant Experian Information Solutions, Inc. ("Experian") is a California corporation doing business in the Eastern District of Arkansas.

5. Defendant Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company doing business in the Eastern District of Arkansas.

6. Defendant TransUnion, LLC ("TransUnion") is an Illinois limited liability company doing business in the Eastern District of Arkansas.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

9. The Plaintiff here incorporates by reference Paragraphs 1 through 8 of this Complaint as if set forth word for word herein.

10. Rollins opened an account with Verizon in 2011.

11. In December 2014, Rollins closed her account with Verizon.

12. Shortly after closing her account with Verizon, Rollins moved out of the home she had been renting and, through the United States Postal Service, forwarded her mail to her new home.

13. On June 30, 2015, Verizon generated a derogatory report with the major credit reporting agencies, which are listed as Defendants to this Complaint, concerning an alleged early termination fee. Rollins never received notice of the alleged fee. Assuming, *arguendo*, Verizon sent notice of the alleged fee, on information and belief, any such correspondence was sent to her previous address and, therefore, she never received same. Rollins does not know whether Verizon sent any such notice.

14. On July 2, 2015, Rollins was partially denied credit by AT&T based on this derogatory report.

15. Verizon has falsely reported on Rollins' credit, without verifying or giving notice of any charge.

16. On October 8, 2015, counsel for Rollins sent a certified dispute letter to Verizon, with copies sent to Experian, TransUnion, and Equifax (the "Dispute Letter"). A copy of the Dispute Letter is attached hereto as **Exhibit A**.

17. On information and belief, Defendant Verizon never responded to the Dispute Letter.

18. Rollins disputes that she owes any debt to Defendant Verizon.

19. This dispute has caused and continues to cause Ms. Rollins distress and anxiety in addition to negatively impacting her credit rating.

20. Continued derogatory reporting regarding the Verizon account by the Defendant credit reporting agencies has and will continue to detrimentally impact Ms. Rollins' credit report.

21. As a result of these events, Rollins has been required to retain counsel to resolve this issue.

## COUNT I – FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681 et seq.

22. The Plaintiff here incorporates by reference Paragraphs 1 through 21 of this Complaint as if set forth word for word herein.

23. Despite the fact that Rollins did not incur and was not responsible for the fees on her account, and the fact that Verizon did not verify or give Rollins notice of such alleged fees, Verizon furnished information to consumer reporting agencies in a reckless manner, stating that the account was past due, as evidenced by Rollins' Credit Report. In doing so, Verizon provided inaccurate information to consumer reporting agencies while Verizon knew, or had reasonable cause to know, that the information was incorrect, in violation of 15 U.S.C. § 1681s-2(a)(1).

24. Furthermore, on information and belief, Verizon negligently failed to conduct a reasonable investigation of Rollins' dispute after receiving the Dispute Letter, in violation of 15 U.S.C. § 1681s-2(b)(1).

25. On information and belief, Separate Defendants Equifax, Experian, and TransUnion negligently failed to conduct a reasonable investigation of the Plaintiffs' dispute regarding the Fraudulent Checks in violation of 15 U.S.C. § 1681s-2(b)(1).

26. As a result of Defendant Verizon's negligence, Rollins has suffered economic loss resulting from inability to obtain credit, lost time and opportunity as well as costs associated in dealing with these issues, mental distress and anxiety, and injury to reputation and creditworthiness.

27. The Plaintiff is entitled to recovery from the Defendants, jointly and severally, for actual damages, compensatory damages associated with loss of reputation and general indignities, attorneys' fees, and the Plaintiff's costs associated with this matter, all of which are compensable pursuant to 15 U.S.C. § 1681 and applicable case law, all in an amount to be determined by the Court, but no in no event less than $75,000.00.

28. Because Defendant Verizon's actions or omissions were willful, wanton, or reckless, punitive damages are proper pursuant to 15 U.S.C. § 1681(n).

## COUNT II – INJUNCTIVE RELIEF

29. The Plaintiff here incorporates by reference Paragraphs 1 through 28 of this Complaint as if set forth word for word herein.

30. In addition to all other relief requested herein, the Plaintiff requests injunctive relief, and that this Court require Defendants to remove any and all derogatory information regarding the Verizon account from Rollins' credit report, as set forth herein.

## COUNT III – DECLARATORY RELIEF

31. To the extend the debt arises from an early termination agreement, the contract provision is unenforceable as a contract of adhesion or otherwise unconscionable. *See* Arkansas

National Life Insurance Company v. Durbin, 3 Ark. App. 170 (Ark. Ct. App. 1981); Associated Press v. Southern Arkansas Radio Co., 34 Ark. App. 211, 809 S.W.2d 695 (1991).

32. The Plaintiff demands a jury trial for all issues so triable.

WHEREFORE, the Plaintiff respectfully requests this Court grant the relief as requested herein, for costs, attorneys' fees, and for all other good and proper relief to which she is entitled.

Respectfully submitted,

KEECH LAW FIRM, P.A.
2011 S. Broadway
Little Rock, AR 72206
501.221.3200 (telephone)
501.221.3201 (fax)

By: *[signature]*
Kevin P. Keech (Ark. Bar No. 98147)
Seth D. Hyder (Ark. Bar No. 2011186)
shyder@keechlawfirm.com

*Attorney for Tanya Rollins*